ROBERT E. LEE AND WIFE, PATRICIA R. LEE v. UNION COUNTY BOARD OF COMMISSIONERS, AND UNION COUNTY, AND DEVELOPMENT MARKETING ENTERPRISES, INC.

No. 8320SC71

(Filed 3 January 1984)

**Municipal Corporations § 30.3— zoning ordinance improperly overturned**

The trial court erroneously found that a petition for rezoning violated a portion of the county zoning ordinance which read that once the amendment

has been denied, the same request shall not be instituted sooner than one year from the date of the denial since although the commissioners had granted an earlier petition and the appellate court had invalidated the grant of the first petition on procedural grounds, the reviewing court's actions, which occurred within a year before the new petition was filed, did not constitute a *denial* of the new petition. The local county board of commissioners is the only board with the authority to deny a rezoning petition under the local county zoning ordinance.

APPEAL by defendants from *Davis, Judge.* Judgment entered 13 August 1982 in Superior Court, UNION County. Heard in the Court of Appeals 7 December 1983.

Defendants appeal from a trial court judgment which declared the rezoning of a 10.055 acre tract by the Union County Board of Commissioners invalid.

*Griffin, Caldwell, Helder & Steelman, P.A., by Thomas J. Caldwell, for defendant appellants Union County Board of Commissioners and Union County.*

*Joe P. McCollum, Jr., for plaintiff appellees.*

*No brief filed for defendant Development Marketing Enterprises, Inc.*

BECTON, Judge.

I

On 21 July 1977, defendant, Development Marketing Enterprises, Inc. (Development) filed a petition to rezone a 10.055 acre tract from R-40 (Residential Rural) to R-20 (Single Family Residential). The Union County Board of Commissioners (Commissioners) granted Development's petition on 6 September 1977, but this Court, on 15 January 1980, declared the rezoning invalid because the defendants had failed to comply with the notice to adjoining landowners provision in the Union County Zoning Ordinance. On 3 April 1980 our Supreme Court denied defendants' petition for a writ of certiorari.

On 29 April 1980, Development filed a second petition to rezone the 10.055 acre tract from R-40 to R-20. The Commissioners granted Development's second petition on 8 July 1980. On 24 September 1980, plaintiffs, Robert E. Lee and his wife, Patricia

R. Lee, property owners in Union County, instituted this action against the Commissioners, Union County, and Development, to have the rezoning declared invalid. On 13 August 1982, the trial court concluded that Development's second petition violated § 132, the one-year waiting period provision of the Union County Zoning Ordinance, and declared the rezoning invalid.

From the 13 August 1982 judgment, the Commissioners and Union County appeal.

## II

The defendants' sole assignment of error relates to the trial court's conclusion that the second petition for rezoning violated § 132 of the Union County Zoning Ordinance. Section 132 reads, in pertinent part, as follows:

A petition for an amendment that has been denied in whole or in part or has been approved for a higher classification than requested shall not again be instituted sooner than one year from the date of the denial or approval, unless the Board of Commissioners after considering the advice of the Planning Board, shall find that there have been substantial changes in conditions or circumstances bearing on the application.

The defendants contend that the trial court erred in applying § 132 to the facts of this case. We agree.

The Union County Board of Commissioners is the only body with the authority to deny a rezoning petition under the Union County Zoning Ordinance. In this case, the Commissioners granted both petitions. This Court *invalidated* the grant of the first petition on procedural grounds. Our Supreme Court denied certiorari. A reviewing court's action does not constitute a *denial* of the petition under § 132.

The provisions of § 132 are directed at the Commissioners' *denial* of the petition on its merits. Section 132 gives the Commissioners the discretion to waive the one-year waiting period, if they find "substantial changes in conditions or circumstances bearing on the application." Otherwise, the Commissioners are given a one-year respite. Section 132 spares them the harassment

of identical zoning petitions immediately resubmitted after a denial on the merits.

We find that the trial court erred by applying § 132 to this case. Additionally, we summarily reject the plaintiffs' cross-assignments of error. Therefore, the judgment is vacated, and this case is remanded.

Vacated and remanded.

Chief Judge VAUGHN and Judge HILL concur.